IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | |
| $53,486.00 IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | **COMPLAINT IN FORFEITURE** |
| | ) | |

NOW COMES plaintiff, the United States of America, by David M. Toepfer, United States Attorney for the Northern District of Ohio, and Jason M. Katz, Assistant U.S. Attorney, and files this Complaint in Forfeiture, respectfully alleging, in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure, as follows:

### JURISDICTION AND INTRODUCTION

1. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. Section 1345, and over an action for forfeiture under 28 U.S.C. Section 1355(a).

2. This Court has *in rem* jurisdiction over the defendant currencies: (i) pursuant to 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district; and (ii) pursuant to 28 U.S.C. Section 1355(b)(1)(B), incorporating 28 U.S.C. Section 1395, because the action accrued in this district. This Court will have control over the defendant currency through service of an arrest warrant *in rem*, which U.S. Marshals Service will execute upon the defendant currency. *See* Supplemental Rules G(3)(b) and G(3)(c).

3. Venue is proper in this district: (i) pursuant to 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district; and (ii) pursuant to 28 U.S.C. Section 1395 because the action accrued in this district.

4. In total, $53,486.00 in U.S. Currency was seized as part of a law-enforcement investigation into the fraudulent activity of Robert Louis Carver. That $53,486.00 in U.S. Currency was found during the execution of a search warrant on March 30, 2022, at a house that Carver was then leasing from claimant ANNIE BAKER. The defendant currency is now in the custody of the federal government.

5. Subsequent to the seizure, the Federal Bureau of Investigation ("the FBI") commenced an administrative forfeiture proceeding against the defendant currency. A claim to the defendant property was submitted by BAKER in the administrative forfeiture proceeding, thereby requiring the filing of this judicial forfeiture action.

6. The defendant $53,486.00 is subject to forfeiture to the United States under 18 U.S.C. § 981(a)(1)(C) in that it constitutes proceeds, or is derived from, proceeds traceable to an illegal wire fraud scheme.

## FOREITURE

7. In 2008, Robert Louis Carver was barred from continuing to serve as a registered investment advisor with the U.S. Securities and Exchange Commission ("SEC").

8. In mid-March 2011, a federal grand jury in the Central District of California indicted Carver in case number SACR 11-0062 on 14 counts of mail fraud, in violation of 18 U.S.C. § 1341.

9. Carver fled prosecution and became a fugitive.

10. In mid-September 2021, a federal grand jury in the Northern District of Ohio indicted an individual then known as Donald Howard, and others, in case number 1:21CR491, charging the individual known as Howard with violations of 18 U.S.C. § 371 (conspiracy to commit securities fraud); 18 U.S.C. § 1343 (wire fraud); and 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. §2401.10b-5 (securities fraud). The allegations centered on a "pump and dump" fraud scheme involving the securities of U.S. Lighting Group, Inc. ("USLG").

11. Between February 2022 and March 2022, the FBI identified Carver as the person who had been using the identity of real-person Donald Howard to commit the offenses discussed in the above paragraph.

12. As part of the USLG scheme, Carver (masquerading as "Howard") (hereafter "Carver (aka Howard)") worked as an unlicensed stockbroker and solicited potential investors to purchase USLG shares. Carver (aka Howard's) illegal conduct included receiving kickbacks or undisclosed commissions for the sale of USLG shares to investors. Carver (aka Howard) and others provided fraudulent invoices to receive payment of the illegal kickbacks from the soliciting investors. Carver (aka Howard) and others made material misrepresentations to investors including statements regarding the company, the structure of the restrict stock investment, the timing of the restricted hold period, and the use of the proceeds of the investments. These actions, which violated federal securities laws and regulations, included:

- On or about November 10, 2017, Carver (aka Howard) caused a victim-investor to wire transfer $10,000 to USLG account x5187 at Huntington Bank for the purchase of USLG shares;

3

- On or about November 14, 2017, Paul Spivak, the then-CEO of USLG, caused an automated clearing house ("ACH") payment of $5,000 to the Carver (aka Howard) controlled account x8278 at MetaBank;

- On or about December 1, 2017, Carver (aka Howard) caused another victim-investor to wire transfer $10,000 to USLG account x5187 at Huntington Bank for the purchase of USLG shares;

- On or about December 14, 2017, Spivak caused the ACH payment of $5,000 to the Carver (aka Howard) controlled account x8278 at MetaBank; and

- On or about July 2, 2018, Carver (aka Howard) wired a $5,000 payment from USLG in Euclid, Ohio, to Carver (aka Howard)'s MetaBank account located in Westminster, California.

13. Between October 2017 and December 2017, USLG deposited $7,500 in proceeds that represented kickbacks and undisclosed commissions for selling USLG shares into PayPal account x1607. That PayPal account was opened on or about April 13, 2014, in the name of "Don Howard" with an associated email address of donh6322@yahoo.com and a phone number of 661-573-6972.

14. On or about October 12, 2017, USLG deposited $500 in proceeds that represented kickbacks and undisclosed commissions for selling USLG shares into PayPal account x0420. That PayPal account was opened on or about May 29, 2010, in the name of "Don Howard" with an associated email address of don6322@gmail.com and was linked to the MetaBank account x8278.

15. Between November 2017 through September 2018, Spivak, though USLG, deposited $111,300 in proceeds that represented kickbacks and undisclosed commissions for

selling USLG shares in the MetaBank account x8278. That MetaBank account was opened in late April 2010 in the name of "Don W Howard" with an email address of donh6322@gmail.com.

16. That x8278 MetaBank account was linked to a cryptocurrency account belonging to Carver (aka Howard). Such cryptocurrency exchanges often link a cryptocurrency account with a personal bank account because it allows individuals to buy cryptocurrency with fiat currency (*e.g.*, the U.S. dollar) and to sell cryptocurrency in exchange for fiat currency. The investigation revealed that, from approximately July of 2015 to June of 2017, the Carver (aka Howard) cryptocurrency account both purchased and sold Bitcoin ("BTC") using funds from the MetaBank account.

17. The investigation also revealed that Carver (aka Howard) had purchased software and documents that facilitated his ability to create new-identity documents. These included an ultimate fake ID guide and a "Forged Social Security Card." The latter's item had a description that read: "This is a listing for a forged social security card. . . . These are about just as good as the real ones as they have passed inside a bank before to open an account. These can even be used as one of the two forms of ID needed to open a PO box, so this and one other fake ID and you have a PO box under a fake name if you pay cash or use a prepaid card if card is required. The card will have whatever name and number you ask me to put on int. It will come unsigned and you will have to sign the signature on the card itself in ink as required for it to be valid. These are great if you just need to . . . assume another number of identity."

18. On or about October 29, 2018, J.P. Morgan Chase bank account x7511 was opened in the name of Donald Howard. A fake South Carolina driver's license in the name of "Donald Howard" and the Social Security account number of a real person named Donald

Howard, who resided in South Carolina, were used to open that account. A significant amount of the activity involving account x7511 occurred in the North Las Vegas, Nevada, area.

19. In a civil case brought by the SEC against "Howard" and others regarding conduct related to USLG, a summons was served on or about April 14, 2021, to a co-resident/co-occupant of "Donald Howard" at a residence on Fruit Dove Street in North Las Vegas, Nevada. Further investigation revealed that "Don and Kathy Howard" had leased the Fruit Dove Street residence beginning on or about February 28, 2018.

20. The driver's license associated with that lease's application contained the same identification number that had been provided to J.P. Morgan Chase during the opening of account x7511. The address listed on the driver's license matched a previous address of the actual Donald Howard, a real person, whose Social Security number was used to open account x7511.

21. Shortly after the above-listed summons was served—in April of 2021—the individuals using the names of "Don Howard" and "Kathy Howard" vacated the Fruit Dove Street residence despite having multiple months remaining on their lease. These individuals left no forwarding address with their landlord.

22. About a year later, during FBI interviews, neighbors of the Fruit Dove Street residence identified a 2008 DMV photograph of Carver as their neighbor who had used the name "Donald Howard." The other person living at the Fruit Dove Street residence was known to neighbors as "Kathy."

23. Records from several companies' accounts associated with an email address used by Carver (aka Howard) showed that those accounts were also accessed from an IP address registered to an address at N. 125th Avenue, Peoria, Arizona.

24. On or about February 4, 2022, FBI agents observed Carver (aka Howard) and Kathy Carver depart the N. 125th Avenue residence in a vehicle registered to "Don Howard."

25. On or about March 30, 2022, the FBI executed a federal search warrant at the N. 125th Avenue residence. In addition to other items, the FBI seized $53,486.00 in U.S. Currency, which included $486.00 in U.S. Currency from a wallet on the kitchen counter, $3,000.00 in U.S. Currency from a top dresser drawer, and $50,000.00 in U.S. Currency from a briefcase. Carver (aka Howard) was arrested on a federal arrest warrant out of the Northern District of Ohio.

26. In May of 2023, an information and plea agreement were filed in the Central District of California in case number 8:23CR60. In those documents Carver was charged with, and pled guilty to, two crimes from the Northern District of Ohio. Count 1 charged Carver with wire fraud related to the illegal "pump and dump scheme" involving USLG, and Count 2 charged Carver with Aggravated Identity Theft related to Carver's use of identification of another (D.H.) that Carver knew to be another person. In the plea agreement's factual basis, Carver admitted to being illegally involved in a wire-fraud scheme from November 2017 to September 2018 in the Northern District of Ohio involving a "pump and dump stock manipulation" that cause USLG investors to lose approximately $297,000.00. Carver also admitted to illegally using the identification of D.H., another person. Carver pled guilty to both Counts in June of 2023.

27. In November of 2023, the Northern District of Ohio criminal case against Carver (1:22MJ2054) was dismissed, upon motion of the Northern District of Ohio's United States Attorney's Office.

28. On December 1, 2023, Carver was sentenced to 65 months of incarceration on both 23CR60 and case number SACR 11-0062 (as mentioned above) a three-year term of

supervised release, and a $300 special assessment. Carver appealed that sentence, but it was affirmed by the Ninth Circuit Court of Appeals in April of 2025.

## CONCLUSION

29. By reason of the foregoing, the defendant $53,486.00 in U.S. Currency is subject to forfeiture to the United States under 18 U.S.C. § 981(a)(1)(C) in that it constitutes proceeds, or is derived from, proceeds traceable to an illegal wire fraud scheme.

WHEREFORE, plaintiff, the United States of America, requests that this Court enter judgment condemning the defendant property and forfeiting it to the United States, and providing that the defendant property be delivered into the custody of the United States for disposition according to law, and for such other relief as this Court may deem proper.

Respectfully submitted,

DAVID M. TOEPFER
United States Attorney

By: /s/ Jason M. Katz
Jason M. Katz
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3844/ Fax (216) 522-7499
Jason.Katz@usdoj.gov

## VERIFICATION

STATE OF OHIO        )
                     ) SS.
COUNTY OF CUYAHOGA   )

I, Jason M. Katz, under penalty of perjury, depose and say that I am an Assistant United States Attorney for the Northern District of Ohio, and the attorney for the plaintiff in the within entitled action. The foregoing Complaint in Forfeiture is based upon information officially provided to me and, to my knowledge and belief, is true and correct.

_____
Jason M. Katz (OH: 0076104)
Assistant United States Attorney

Sworn to and subscribed in my presence this 9th day of September 2025.

_____
Notary Public

DANIEL R. RANKE, Attorney At Law
Notary Public - State of Ohio
My commission has no expiration date
Section 147.03 O. R. C.

9